UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RICHARD KEAVNEY, Booking #17104761,<br><br>       Plaintiff,<br><br> v.<br><br>DR. O'BRIEN, et al.,<br><br>       Defendants. | Case No. 3:20cv1443-MMA-MSB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. SECTION 1915(a);**<br><br>[Doc. No. 2]<br><br>**DENYING AS MOOT MOTIONS TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. Nos. 5, 7]<br><br>**DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. SECTION 1915(e)(2) AND SECTION 1915A;**<br><br>**DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[Doc. No. 3] |

  Plaintiff Michael Richard Keavney, currently incarcerated at San Diego County Sheriff's Department's Vista Detention Facility, is proceeding pro se in this civil rights

action pursuant to 42 U.S.C. Section 1983. *See* Compl., Doc. No. 1.

Plaintiff has not prepaid the $402 civil and administrative filing fee required by 28 U.S.C. Section 1914(a), and has instead submitted several motions for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a)(1). *See* Doc. Nos. 2, 5, 7. In addition, Plaintiff has filed a Motion for a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI"). *See* Doc. No. 3.

**I.     Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

As mentioned, Plaintiff has submitted several IFP motions. Two such motions contain the prison certificate verifying his available balances for the relevant six-month period preceding the filing of his Complaint. *See* Doc. No. 2 at 4; Doc. No. 5 at 4. Two of Plaintiff's IFP motions attach certified copies of his trust account statements, (*see* ECF No. 5, at 6-10; ECF No. 7, at 5), but only by combining the two statements can the Court determine Plaintiff's balances for the six-month period preceding the filing of his Complaint as required by 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statements show that although he carried an average monthly balance of $12.99 and had $49.83 in average monthly deposits to his trust account for the six months preceding the filing of this action, Plaintiff had an available balance of just $0.03 at the time of filing. *See* Doc. No. 7 at 7.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and declines to impose the initial partial filing fee pursuant to 28 U.S.C. Section 1915(b)(1) because his trust account statements indicate that he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court **DIRECTS** the Watch Commander of Vista Detention Facility, or his designee, to collect the entire $350 balance of the filing fees required by

28 U.S.C. Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1). Because IFP status has been granted, the Court **DENIES** as moot Plaintiff's two additional Motions to Proceed IFP (Doc. Nos. 5, 7).

**II.     Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Factual Allegations</u>

In September 2018, Plaintiff had a telemedicine appointment with a doctor to address pain and limited mobility in his left ankle and left shoulder caused by a fall he had previously suffered.  *See* Compl. at 3.  The doctor "recommended physical therapy for Plaintiff[']s left ankle and left shoulder . . .."  *Id.*  The physical therapy never took place however, and Plaintiff now has "very limited movement in his left ankle and left shoulder and is in constant pain."  *Id.*

Plaintiff filed several administrative grievances and a claim with San Diego County based on this failure to provide physical therapy, which was denied as untimely. *See id.*; *see also id.* at 18-39, 41-42.  Defendant O'Brien, a medical doctor, was allegedly "the head of medical department when medical care was denied."  *See id.* at 3.  Although the timing is unclear, Plaintiff also alleges that he received a physical therapy evaluation, and a physical therapist recommended that he receive physical therapy twice a week.  *See id.*  This treatment also did not take place.  *See id.*

In addition to Defendant O'Brien, Plaintiff names three other Defendants, Dr. Cynthia Purviance, and two Doe Defendants, one of whom was allegedly "in charge of making medical decisions, and the other who was allegedly "in charge of transportation to and from medical appointments."  *Id.* at 2.  Plaintiff alleges that these Defendants violated his rights to medical care and to be free from cruel and unusual punishment.  *See id.* at 2-3.  Plaintiff seeks injunctive relief directing that he receive physical therapy, medical shoes, an additional mat on which to sleep, and pain medication.  *See id.* at 7.

1 He also seeks an injunction directing the "records dep[artmen]t to provide" information
2 about the identities of the Doe Defendants. *Id.*; *see also id.* at 3. In addition to injunctive
3 relief, Plaintiff seeks $1.5 million each in punitive and compensatory damages and
4 additional compensatory relief.

    C. <u>Analysis</u>

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

To the extent that Plaintiff challenges the adequacy of his medical care while he was in pretrial custody, his claims are appropriately analyzed under the due process clause of the Fourteenth Amendment.[2] *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishments Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause." (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Like claims under the Eighth Amendment, Plaintiff must allege "that the . . . officials acted with 'deliberate indifference.'" *Id.* at 1068. "[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the

---

[2] Although Plaintiff does not allege whether he was a pretrial detainee at the time of the incidents in question, the Court presumes that he was for purposes of this Order.

consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant cause the plaintiff's injuries." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* at 1125 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

Plaintiff's claims must be dismissed for a simple reason: Plaintiff has not alleged that any of the Defendants caused his injuries. "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). Plaintiff has not connected the actions of any Defendant to the delays in his medical treatment. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."). Aside from identifying them as Defendants, Plaintiff makes no factual allegations whatsoever regarding the involvement of either Doe Defendant or Defendant Purviance in the alleged denials of medical treatment. *See* Compl. at 2-3. This is insufficient. *See Iqbal*, 556 U.S. at 678 (noting that although a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." (quoting *Twombly*, 550 U.S. at 555)).

Similarly, Plaintiff does not describe Defendant O'Brien's involvement in the alleged constitutional violations aside from the conclusory statement that O'Brien was "the head of medical department [sic] when medical care was denied." *Id.* at 3. This allegation is also insufficient to state a cognizable claim. In order to hold a supervisor liable under Section 1983, Plaintiff must demonstrate either the supervisor's personal involvement in the alleged violation of the constitution or a causal connection between the supervisor's conduct and the violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To the extent Plaintiff seeks to hold Defendant O'Brien liable for denying

7

3:20cv1443-MMA-MSB

administrative grievances, prison officials are not generally liable for due process violations simply for denying or failing to process inmate appeals. *See, e.g.*, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Additionally, although intentionally delaying medical treatment may be actionable as deliberate indifference, *see McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc), the delay must cause substantial harm in order to state a claim. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *see also Shipp v. Petras*, No. 2:20-cv-0938-JAM-EFB P, 2020 WL 5797893, at *1-2 (E.D. Cal. Sept. 29, 2020) (dismissing as insufficiently detailed allegations regarding delayed physical therapy resulting in increased pain and other physical harms in the absence of "some indication as to why . . . defendant[s] denied physical therapy . . . .").

To the extent that Plaintiff alleges that Defendants denied him medical care because of a Sheriff's Department or County policy, he must allege that he was injured pursuant to an official policy or a discriminatory practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (explaining that Defendants may be held liable "even without overt personal participation in the offensive act if [they] implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks omitted))). In the absence of any such allegations, however, Plaintiff's Complaint must be dismissed sua sponte and in its entirety for failing to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b).

D. <u>Leave to Amend</u>

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege his medical care claims. *See Rosati v. Igbinoso*,

791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies in the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III.   Motion for Temporary Restraining Order and Preliminary Injunction

As noted above, Plaintiff has also filed a Motion for a TRO and PI. *See* Doc. No. 3. Plaintiff seeks a TRO and PI requiring Defendants to arrange "an examination and a plan of treatment . . . even if that treatment requires medication that might be against San Diego County Sheriff[']s pol[i]cy to provide as long as its prescribed by the [d]octor and or specialist provided . . .." *Id.* at 5.

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. *See, e.g., Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Substantively, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The first factor under *Winter* is the most important—likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Additionally, "[u]nder *Winter*, plaintiffs must establish

that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). "A preliminary injunction is an extraordinary remedy never awarded as of right, and the grant of a preliminary injunction is a matter committed to the discretion of the trial judge[.]" *Epona v. Cnty. of Ventura*, 876 F.3d 1214, 1227 (9th Cir. 2017) (internal quotation marks and citations omitted).

Because Plaintiff's Complaint has not survived the initial screening required by 28 U.S.C. Section 1915(e)(2) and 28 U.S.C. Section 1915A, the United States Marshal has not been directed to effect service on Plaintiff's behalf, and the named Defendants have no notice of either Plaintiff's Complaint or his motion seeking a TRO and PI. As a result, the Court cannot grant Plaintiff injunctive relief because it has no personal jurisdiction over any Defendant at this time. *See* Fed. R. Civ. P. 65(a)(1), (d)(2); *Zepeda*, 753 F.2d at 727-28. Additionally, because the Court found that Plaintiff's Complaint failed to state a claim upon which Section 1983 relief may be granted, he has failed to demonstrate for purposes of preliminary injunctive relief a likelihood of success on the merits. *See Thomas v. Chu*, No. 3:20-cv-00245-GPC-BGS, 2020 WL 5408944, at *10 (S.D. Cal. Sept. 9, 2020) (noting that, having dismissed the complaint pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b), the Plaintiff had "necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims." (collecting cases)).

"Because it is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, [courts] need not consider the remaining three [*Winter* elements]." *Garcia*, 786 F.3d at 740 (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)) (internal quotation marks omitted). As a result, the Court **DENIES** Plaintiff's Motion for a TRO and PI (Doc. No. 3).

//
//

## IV. Conclusion and Order

For the reasons set forth above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (Doc. No. 2).

2. **DENIES** as moot Plaintiff's additional Motions to Proceed IFP (Doc. Nos. 5, 7).

3. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

5. **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3).

6. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an

amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B) and Section 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.
DATE: December 11, 2020

HON. MICHAEL M. ANELLO
United States District Judge