UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RICHARD KEAVNEY, Booking #17104761,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN/JANE DOE,<br><br>                              Defendant. | Case No. 20cv1443-MMA-MSB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

Michael Richard Keavney ("Plaintiff"), currently detained at San Diego County Sheriff's Department's Vista Detention Facility, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. Section 1983. *See* Doc. No. 8 at 11.

The Court previously dismissed Plaintiff's initial Complaint, Doc. No. 1, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and granted leave to amend. *See* Doc. No. 8 at 11-12. Plaintiff timely filed a First Amended Complaint. *See* Doc. No. 9 ("FAC").

## I. Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his First Amended Complaint requires a pre-answer screening pursuant to Sections 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Plaintiff's First Amended Complaint focuses on the alleged failure to provide adequate medical care after Plaintiff sustained a shoulder and ankle injury while in custody at the San Diego County Jail in May 2018. *See* FAC at 3. The only named Defendant[1] is "John Doe/Jane Doe," a medical doctor named as a party in his or her official capacity, "who makes final decisions for the medical department at the San Diego County Jail Downtown." *See id.* at 2.

In the months following his injury, Plaintiff was seen by a variety of doctors, both within the jail and at outside facilities. *See id.* at 3. An outside specialist and a doctor in the jail ordered twice weekly physical therapy for Plaintiff. *Id.* Despite those orders, Plaintiff alleges that he was taken to just one physical therapy appointment. *See id.*

Plaintiff alleges that the denial of physical therapy was the result of a "conscious decision" by the Doe Defendant, who is allegedly "[t]he doctor in charge at the San Diego County Jail . . . [and] who[] makes all final decisions regarding all medical treatment within the San Diego County Jail, including outside the jail medical appointments . . . ." *Id.* "From September [to] present the Defendant, having full capability to follow Doctors['] orders and provide the ordered medical care, still continues to ignore Plaintiff[']s pleas throughout the exhausted administrative grievance process . . . showing obvious deliberate indifference to the medical needs of Plaintiff." *Id.* at 4-5. Because Plaintiff did not receive physical therapy, he explains that he experiences "constant incre[a]sed pain and extre[me] mobility and strength

---

[1] Plaintiff's initial Complaint asserted claims against a number of additional named Defendants. Because Plaintiff was given an opportunity to amend and chose to omit claims against those Defendants, the Court **DIRECTS** the Clerk of the Court to terminate as parties to this case all Defendants except a single Doe Defendant. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

impairment . . . ." *Id.* at 4.

Plaintiff seeks injunctive relief directing an examination by a specialist doctor not in the San Diego County Jail and that Defendant follow the plan of treatment ordered by Plaintiff's doctor, as well as $1.5 million each in compensatory and punitive damages. *See id.* at 7.

### C. Analysis

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Claims of inadequate medical care by pretrial detainees like Plaintiff[2] must be analyzed under the due process clause of the Fourteenth Amendment. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishments Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Like claims under the Eighth Amendment, Plaintiff must allege "that the . . . officials acted with 'deliberate indifference.'" *Id.* at 1068. "[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the

---

[2] Although Plaintiff does not allege whether he was a pretrial detainee at the time of the incidents in question, the Court presumes that he was for purposes of this Order.

consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* at 1125 (quoting *Kinglsey v. Hendrickson*, 576 U.S. 389, 397 (2015)).

As mentioned, Plaintiff alleges that the Defendant John/Jane Doe was deliberately indifferent to Plaintiff's medical needs because they prevented Plaintiff from receiving the physical therapy that his other doctors ordered. *See* FAC at 4. At times, Plaintiff alleges that Defendant Doe participated in the deprivation of medical care by "ignor[ing] Plaintiff[']s pleas throughout the exhausted administrative grievance process . . . ." *See id.* at 4-5. Elsewhere, Plaintiff alleges that Defendant Doe "made a conscious decision in January of 2019, to not follow doctors['] orders . . . ," but the First Amended Complaint does not describe that how or on what basis that decision was made. *See id.* at 4.

To the extent Plaintiff's claims are based on the denial of administrative grievances, they must be dismissed. Prison officials are generally not liable for due process violations simply for denying or failing to process inmate grievances. *See, e.g.*, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Furthermore, to the extent Plaintiff seeks damages against Defendant in his or her official capacity, those claims must be dismissed as well. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Defendant is entitled to immunity from suit for monetary damages in his or her official capacity under the Eleventh Amendment. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996).

Liberally construing Plaintiff's First Amended Complaint as also pursuing a medical care claim against Defendant in his or her individual capacity, Plaintiff alleges that Defendant Doe intentionally denied or delayed physical therapy ordered by Plaintiff's other physicians for non-medical reasons, and that Plaintiff's condition

worsened as a result. *See* FAC at 4-5. The Court finds that these allegations are sufficient to state a claim of inadequate medical care that surpasses the "low threshold" set for sua sponte screening required by Sections 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *see also, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("Following *Estelle* [*v. Gamble*, 429 U.S. 97, 104-05 (1976)], we have held that a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician.").

Despite this finding, without the name of Defendant John/Jane Doe the Court cannot order the U.S. Marshals' Service to effectuate service of Plaintiff's First Amended Complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see also Hunter v. Sandoval*, No. 2:17-cv-09257-CJC (SHK), 2018 WL 6074562, at *4 (C.D. Cal. Aug. 31, 2018) ("[W]ithout any named defendants, the Court cannot order service of the Complaint." (citations omitted)). Because "the use of 'John Doe' or 'Jane Doe' to identify a defendant is not favored," *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), other courts have concluded that when a plaintiff proceeding *pro se* and IFP states a claim against an unnamed defendant sufficient to survive screening, the appropriate course of action is to dismiss the complaint but to grant the plaintiff leave to amend substituting the true name of that defendant. *See, e.g.*, *Linsey v. Dzurenda*, No. 2:18-cv-00902-JAD-VCF, 2019 WL 7194560, at *2 (D. Nev. Dec. 26, 2019); *Hunter*, 2018 WL 6074562, at *3-5 ("[I]f Plaintiff files a FAC that only names Doe defendants . . . it will be subject to dismissal." (citation omitted)).

To learn the name of the Doe Defendant, Plaintiff must: (1) use whatever procedures are available at the jail to review his medical records and, by doing so, identify the name of the Doe Defendant; and (2) if after reviewing those records Plaintiff is still unable to determine Defendant's name, then Plaintiff must file a properly supported motion for the Court to issue a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45. *See Linsey*, 2019 WL 7194560 at *1-2; *Hunter*, 2018 WL 6074562, at *3-4 (explaining that a motion pursuant to Rule 45 "should clearly identify

the documents that would have the information that Plaintiff is seeking and explain why the documents and information would be available from that company, entity, or person, which is not one named in the lawsuit . . ..").

## II. Conclusion and Order

For the reasons set forth above, the Court:

(1) **DISMISSES** this action in its entirety and **GRANTS** Plaintiff **sixty (60) days** leave to amend. This leave to amend is limited solely to identifying the Doe Defendant, restating the claims asserted in the First Amended Complaint against him or her, and, to the extent Plaintiff wishes to pursue compensatory and/or punitive damages, alleging those claims against Defendant in his or her individual capacity. Plaintiff may not include new or additional claims and/or Defendants in any Second Amended Complaint without further leave of the Court.

As stated previously, to learn the Doe Defendant's name, Plaintiff must: (1) use whatever procedures are available to review his medical records to search for the identity of the Doe Defendant; and (2) if after reviewing his records Plaintiff is still unable to identify Defendant, then file a properly supported motion for the Court to issue a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45. If Plaintiff files a motion for the Court to issue a subpoena pursuant to Rule 45, he should carefully review the requirements of the Rule, and submit a motion that "clearly identif[ies] the documents that would have the information that Plaintiff is seeking and explain why the documents and information would be available from that company, entity, or person, which is not one named in the lawsuit," for example Defendant John/Jane Doe. *See Hunter*, 2018 WL 6074562, at *4.

Plaintiff should act diligently in reviewing his medical records and, if that fails, filing a motion pursuant to Rule 45, as the Court will grant extensions of the deadline to file a Second Amended Complaint only if Plaintiff shows that he has actively pursued Defendant's identity.

Any Second Amended Complaint must be complete by itself without reference to Plaintiff's original Complaint or his First Amended Complaint. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

(2) **DIRECTS** the Clerk of the Court to terminate as parties to this action all Defendants except a single John/Jane Doe.

(3) **DIRECTS** the Clerk of the Court to send to Plaintiff a copy of his First Amended Complaint (Doc. No. 9), a blank copy of the Court's approved instructions and form "Complaint under the Civil Rights Act 42 U.S.C. § 1983," and a blank copy of Form AO 88B "Subpoena to Produce Documents, Information, or Objects," for Plaintiff's use in preparing a Second Amended Complaint and/or submitting a Rule 45 motion. If Plaintiff files a Rule 45 motion, he must attach to that motion a completed version of Form AO 88B.

**IT IS SO ORDERED**.

DATE: May 5, 2021

HON. MICHAEL M. ANELLO
United States District Judge