UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RICHARD KEAVNEY, BOOKING #17104761,<br><br>Plaintiff,<br><br>vs.<br><br>DR. JOHN/JANE DOE,<br><br>Defendant. | Case No.  20-cv-1443-MMA (MSB)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

On July 27, 2020, Plaintiff Michael Richard Keavney ("Plaintiff"), while incarcerated as a pretrial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1.  Plaintiff alleges that while housed at the San Diego County Jail in 2018, a doctor ordered physical therapy to address pain and limited mobility in his shoulder and ankle, but that the physical therapy never took place and he was unable to resolve the issue through administrative grievance procedures.  *See id*. at 2–3.

On September 28, 2020, the Court denied Plaintiff's motion to proceed in forma pauperis for failure to include the required financial documents.  *See* Doc. No. 4. Plaintiff resubmitted his motion twice, *see* Doc. Nos. 5, 7, and on December 11, 2020, the Court granted him leave to proceed in forma pauperis.  *See* Doc. No. 8.  The Court

screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and dismissed it with leave to amend because Plaintiff failed to allege that any Defendant named in the Complaint caused the alleged constitutional violation. *See id*. at 4–8.

Plaintiff filed a First Amended Complaint ("FAC") on January 25, 2021. *See* Doc. No. 9. He claims he injured his shoulder and ankle in a fall at the San Diego County Jail in May 2018. *See id.* at 3. He further alleges that he was seen by jail doctors over the next several months and was referred to an orthopedic specialist who ordered rehabilitation. *See id.* According to Plaintiff, despite two doctors eventually recommending physical therapy twice weekly, he was sent to only one therapy session. *See id*. Plaintiff claims that Defendant Dr. John or Jane Doe—the doctor who "makes final decisions for the medical department at the San Diego County Jail," and the only Defendant named in the FAC—"made a conscious decision in January of 2019 to not follow doctors' orders to provide physical therapy to Plaintiff," which caused his condition to worsen, and that he was unable to resolve the issue through the inmate grievance procedures. *Id*. at 4–5.

On May 5, 2021, the Court screened the FAC and found it did not state a claim against Defendant Dr. Doe in his or her official capacity or for denial of administrative grievances or a claim, but that the allegations in the FAC with respect to denial of medical care were sufficient to survive the "low threshold" for stating a claim to pass initial screening. *See* Doc. No. 10 at 5–6. However, the Court found that Plaintiff's failure to identify a Defendant by name, and instead his use of Doe in identifying the sole Defendant in the FAC, precluded the Court from ordering the United States Marshal to serve the Summons and FAC. *See id*. at 6–7. The Court therefore dismissed this action without prejudice and granted Plaintiff sixty days—on or before July 6, 2021—to file a Second Amended Complaint and identify the Doe Defendant by name. *See id*. at 7. The Court informed Plaintiff of possible procedures and tools for identifying the Doe Defendant, including reviewing his medical records for the name of the doctor and if unsuccessful moving the Court to issue a subpoena duces tecum pursuant to Fed. R. Civ.

P. 45 for jail records which might identify the doctor. *See id*. at 7. Plaintiff was sent blank copies of the Court's amended complaint form and Form AO 88B "Subpoena to Produce Documents, Information, or Objects" for his use in amending and/or submitting a Rule 45 motion. *See id*. at 8. Plaintiff was instructed that if he failed to amend on or before July 6, 2021, it would result in the dismissal of this action based on his failure to prosecute in compliance with a court order requiring amendment. *See id.* (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).

This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Court informed Plaintiff that he must file an amended complaint identifying the Doe Defendant by name and it has provided him information on how to do so. Yet nearly four months have elapsed since the Court's May 5, 2021 Order and Plaintiff has not amended in compliance with this Court's Order or otherwise contacted the Court. Accordingly, factors one, two, and four weigh in favor of dismissal. *See Yourish v.*

1   *California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with the docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Moreover, the fifth factor does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction.") Only the third factor does not weigh in favor of dismissal. *See Pagralunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal"). Weighing these factors, the Court finds dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("we may affirm a dismissal where at least four factors support dismissal or where at least three factors 'strongly' support dismissal") (quoting *Ferdik*, 963 F.2d at 1263) (internal citation omitted).

## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice based upon Plaintiff's failure to prosecute by amending his FAC to identify a Defendant by name so as to permit service of the Summons and FAC as required by Court's May 5, 2021 Order. The Court further **DIRECTS** the Clerk of Court to enter final judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: August 30, 2021

HON. MICHAEL M. ANELLO
United States District Judge